IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| JOHN W. MARKEVICZ *et ux.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 8:08-cv-02877-AW |
| ELEUTERIO GARCIA *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

Presently pending before the Court is Counter-Defendant Timothy Meade's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Motion for Summary Judgment"). The Court has reviewed the entire record and finds that no hearing is necessary. For the reasons that follow, the Court **GRANTS** Counter-Defendant's Motion for Summary Judgment.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of a traffic accident that took place on March 21, 2008 on the Capital Beltway. In connection with this accident, Plaintiffs John W. Markevicz and Christine M. Markevicz filed a Complaint against, *inter alios*, Eleuterio Garcia and Prince George's County. Doc. 1. In their Complaint, Plaintiffs allege that, while he operated a motor vehicle, Garcia negligently struck their motor vehicle and caused them damages. Plaintiffs also allege that, while operating a Prince George's County Fire Department rescue vehicle, Timothy Meade negligently contributed to the subject accident.

1

On May 12, 2011, Garcia filed a Counterclaim against Meade. Doc. 60. In his Counterclaim, Garcia alleges that Meade operated the rescue vehicle in a "dangerous and negligent" manner and, hence, seeks indemnification and contribution from Meade.

On May 27, 2011, Meade filed his Motion for Summary Judgment. Doc. 62. The basis of Meade's Motion for Summary Judgment is that, as personnel of a fire or rescue company, Meade is immune from civil liability for acts occurring in the course of performing his duties. For the reasons stated below, the Court grants Meade's Motion for Summary Judgment.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). The moving party discharges its burden by showing a lack of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325.

To defeat a motion for summary judgment, the nonmoving party must produce affidavits or other similar evidence to demonstrate that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must view the factual evidence and all inferences in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Although the Court examines the evidence in the nonmoving party's favor, the nonmoving party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.*, 152 F.3d 326, 330–31 (4th Cir. 1998); *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Additionally, hearsay statements or conclusory statements with no evidentiary basis cannot support or defeat a motion for summary judgment. *See Greensboro Prof'l Fire Fighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995).

## III. LEGAL ANALYSIS

In Maryland, "the personnel of a fire company or rescue company are immune from civil liability for any act or omission in the course of performing their duties" "except for any willful or grossly negligent act." Md. Code Ann., Cts. and Jud. Procs. § 5-604(a). Consistent with the statute's plain language, the Court of Appeals of Maryland has unequivocally held that this statute applies to "to municipal fire and rescue departments and their employees." *Mayor and City Council of Balt. v. Chase*, 756 A.2d 987, 988–89 (Md. 2000). Likewise, Maryland law prescribes that "[a]n operator of an emergency vehicle . . . is immune from suit in the operator's individual capacity for damages resulting from a negligent act or omission while operating the emergency vehicle," except that immunity does not attach to "an operator . . . for gross negligence." Md. Code Ann., Cts. and Jud. Procs. § 5-639(a)–(b). In this case, Garcia does not—and cannot—dispute that Meade operated the emergency response vehicle as a "Prince George's Fire/EMS." Doc. 62-2 at 3, ¶ 11. Therefore, the only issue is whether Meade operated the emergency response vehicle in a grossly negligent manner in connection with the subject accident.

To show that Meade operated the emergency response vehicle in a grossly negligent manner, Garcia cites various portions of deposition transcripts for the following propositions:

- Meade traveled in the wrong direction on the Beltway into oncoming southbound traffic.

- Meade dangerously jockeyed for position in an attempt to pass through a gap in the median that was too small for the vehicle he drove.

- Meade drove against the flow of traffic and positioned the vehicle perpendicularly across a three-lane highway while moving the vehicle back and forth.

- Meade failed to activate sirens or emergency lights when engaging in the above-described maneuvers.

3

- Meade failed to have a spotter in place when engaging in the above-described maneuvers.

*See* Doc. 66 at 46–47. This testimony fails to create a genuine dispute concerning whether Meade acted in a grossly negligent manner. Gross negligence connotes "wanton and reckless disregard for others." *Boyer v. State*, 594 A.2d 121, 132 (Md. 1991) (citations omitted). A defendant acts with wanton and reckless disregard for others "only when he inflicts injury intentionally or is so utterly indifferent to the rights of others that he acts as if such rights did not exist." *Barbre v. Pope*, 935 A.2d 699, 717 (Md. 2007) (quoting *Liscombe v. Potomac Edison Co.*, 495 A.2d 838, 846 (1985)).

The Court of Appeals of Maryland has held that, as a matter of law, a plaintiff fails to adequately allege that a police officer acts with wanton and reckless disregard for the safety of others in the following circumstances: (1) the officer pursues a suspected drunk driver at an excessively high rate of speed; (2) the high-speed chase takes place in a heavy traffic area; (3) the officer fails to immediately activate his emergency equipment; and (4) the officer fails to adhere to proper police procedures during the pursuit. *Boyer*, 594 A.2d at 132.

The facts in this case are no more, and likely less, egregious than the alleged facts in *Boyer*. In this case, no facts indicate that Meade was speeding. Furthermore, although testimony suggests that Meade drove aggressively in traffic, this conduct is presumably less dangerous than chasing a drunk driving suspect at high speed through an area congested with traffic. Additionally, the rescue vehicle's "Drive Cam" shows that the vehicle's lights and sirens were

activated at the time of collision. *See* Doc. 88.[1] Thus, displaying more care than the police officer in *Boyer*, Meade immediately activated his emergency equipment. Additionally, Garcia's assertion that Meade failed to use a spotter resembles the allegation in *Boyer* that the officer failed to adhere to proper police procedures during the pursuit. Just as the plaintiff in *Boyer* failed to specify what police procedures the officer supposedly violated, similarly does Garcia fail to identify a law, regulation, or procedure requiring emergency vehicle operators to use spotters during emergency service. In short, in view of the above testimony, no reasonable juror could conclude that Meade acted with wanton and reckless disregard for the safety of others.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Counter-Defendant's Motion for Summary Judgment. A separate Order follows.

|  |  |
|---|---|
| December 29, 2011 | /s/ |
| Date | Alexander Williams, Jr. |
|  | United States District Judge |

---

[1] This Drive Cam footage blatantly contradicts Garcia's assertion that Meade failed to activate sirens or emergency lights while operating the rescue vehicle. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").