IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| JOHN W. MARKEVICZ *et ux.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 8:08-cv-02877-AW |
| ELEUTERIO GARCIA *et al.*, | |
| Defendants. | |
| | Member Cases: |
| | 10-cv-00698-AW |
| | 10-cv-00696-AW |

**MEMORANDUM OPINION**

Presently pending before the Court is Defendant Prince George's County's (the County) Motion for Partial Summary Judgment. The Court has reviewed the entire record and finds that no hearing is necessary. For the reasons that follow, the Court **GRANTS IN PART** the County's Motion for Partial Summary Judgment.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of a traffic accident that occurred on March 21, 2008 on the Capital Beltway. In connection with this accident, Plaintiffs John W. Markevicz and Christine M. Markevicz (Plaintiffs) filed a Complaint against the following Defendants: (1) Eleuterio Garcia, individually and as president of EMG Trucking, Inc. (Garcia); (2) Mercedes Gomez, individually and as vice president of EMG Trucking, Inc. (Gomez); (3) EMG Trucking, Inc. (EMG); and (4) the County. Doc. No. 2. In their Complaint, Plaintiffs allege that Garcia negligently rear-ended

1

them on the Beltway. Plaintiffs further allege that, while he operated a fire department rescue vehicle, County employee Timothy Meade negligently contributed to the collision. Additionally, Plaintiffs contend that the present status of EMG is forfeited and inactive, thus rendering EMG's officers personally liable for negligence.

On October 29, 2008, the County crossclaimed against EMG, Garcia, and Gomez. Doc. No. 5. Although denying that it acted negligently in connection with the crash, the County contends that EMG, Garcia, and Gomez owe it indemnification and/or contribution on account of their alleged negligence. In response, Defendants[1] filed a crossclaim against the County for indemnification and/or contribution in late January 2009. Doc. No. 11. In the following month, the County filed an amended crossclaim against Defendants for indemnification and/or contribution, property damage to the County's rescue vehicle, and workers' compensation claims paid to Meade and the other firefighters who were riding with him in the rescue vehicle at the time of the crash: Marvin Perry, Brian Noel, and Joseph Quaide. *See* Doc. No. 16-1.

On July 21, 2009, Perry and Noel filed a pair of intervenor complaints. Doc. Nos. 24–25. Perry and Noel, as Intervenor-Plaintiffs, asserted negligence claims against Defendants. Intervenor-Plaintiffs allege that Garcia negligently operated his motor vehicle in connection with the accident and that they suffered injuries as a result.

On March 9, in 10-cv-00696-AW, Joseph Quaide filed a complaint against Defendants. *Meade v. Garcia et al.*, 10-cv-00696-AW, Doc. No. 1. Akin to Intervenor-Plaintiffs, Quaide alleged that Garcia negligently operated his motor vehicle in connection with the collision and that he suffered injuries as a result. On March 22, 2010, in 10-cv-00698-AW, Meade filed a complaint against Defendants. *Meade v. Garcia et al.*, 10-cv-00698-AW, Doc. No. 1. Echoing

---

[1] The Court refers to Garcia, Gomez, and EMG as "Defendants" even though Plaintiffs named the County as a defendant as well.

the complaints of his fellow firemen, Meade alleged that Garcia negligently operated his motor vehicle in connection with the accident and that he incurred injuries as a consequence. The Court subsequently consolidated these actions under the lead action 08-cv-02877-AW.

On May 12, 2011, in the lead action, Garcia filed a counterclaim against Meade. Doc. 60. In his counterclaim, Garcia alleged that Meade operated the rescue vehicle in a "dangerous and negligent" manner and, hence, sought indemnification and/or contribution from Meade. Several months later, the Court issued a Memorandum Opinion and Order dismissing Garcia's counterclaim against Meade on the ground that, as personnel of a fire or rescue company, Meade was immune from civil liability. *See* Doc. Nos. 89–90. In its Memorandum Opinion, the Court held that no reasonable juror could conclude that Meade acted with gross negligence—or, by extension, any higher state of mental culpability—in connection with the traffic accident. *See* Doc. No. 89 at 4–5.

Meanwhile, the County filed a Motion for Partial Summary Judgment. Doc. No. 78. The County argues that various Maryland statutory provisions dictate two outcomes: (1) that the County's liability is capped at its insurable interest; and (2) that Garcia's crossclaim against County for indemnification and/or contribution is barred. The Parties have fully briefed these issues and the Court addresses them below.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate only "if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker*

*Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Material disputes are those that "might affect the outcome of the suit under the governing law." *Id.*

Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, the nonmoving party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." *See Beal v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Further, if a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). Finally, hearsay statements or conclusory statements with no evidentiary basis cannot support or defeat a motion for summary judgment. *See Greensboro Prof'l Firefighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995).

### III. LEGAL ANALYSIS

#### A. Whether the County's Liability is Capped at its Insurable Interest

The County asserts that, under various Maryland statutory provisions, the liability of the owner of an emergency vehicle is limited to the minimum benefits that a vehicle liability insurance policy must provide under § 17-103 of the Transportation Article. The County also asserts that these amounts are "$20,000 per person per accident / $40,000 per accident / $15,000 property damage limit [sic]." Doc. No. 78 at 5.

>Section 19-303(c)(1) of the Transportation Article provides as follows:
>
>An owner or lessee of an emergency vehicle, including a political subdivision, is liable to the extent provided in § 5-639(c) of the Courts and Judicial Proceedings Article for any damages caused by a negligent act or omission of an authorized operator while operating the emergency vehicle in the performance of emergency service . . . .

Md. Code Ann., Transp. § 19-103(c)(1). For its part, § 19-103(d) provides that "[a] self-insured jurisdiction shall have the immunity from liability under this section as described under § 5-639(d) of the Courts and Judicial Proceedings Article." *Id.* § 19-103(d).

>In turn, § 5-639(d) of the Courts and Judicial Proceedings Article provides the following:
>
>Liability under this section for self-insured jurisdictions is limited to the amount of the minimum benefits that a vehicle liability insurance policy must provide under § 17-103 of the Transportation Article . . . .

Md. Code Ann., Cts. & Jud. Proc., § 5-639(d). Under the pertinent part of § 17-103 of the Transportation Article, a vehicle liability insurance policy must provide the following minimum benefits:

>(1) The payment of claims for bodily injury or death arising from an accident of up to $30,000 for any one person and up to $60,000 for any two or more persons, in addition to interest and costs;
>
>(2) The payment of claims for property of others damaged or destroyed in an accident of up to $15,000, in addition to interest and costs;
>
>(3) Unless waived, the benefits described under § 19-505 of the Insurance Article as to basic required primary coverage;
>
>(4) The benefits required under § 19-509 of the Insurance Article as to required additional coverage; . . . .

Md. Code Ann., Transp. § 17-103(b).

In this case, Defendants do not dispute that the County owned the rescue vehicle involved in the accident. The County has submitted a certificate of self-insurance from the Maryland Motor Vehicle Administration and accompanying affidavit purporting to show that the County

was self-insured when the crash occurred. Doc. No. 78-3 at 2. Defendants, for their part, have not disputed that the County is a self-insured jurisdiction.[2] By its terms, § 5-639(d) of the Courts and Judicial Proceedings Article limits the liability of self-insured jurisdictions "to the amount of the minimum benefits that a vehicle liability insurance policy must provide under § 17-103 of the Transportation Article." Md. Code Ann., Cts. & Jud. Proc. § 5-639(d). As outlined above, § 17-103 provides that a vehicle liability insurance policy must provide certain minimum benefits, including: (1) "[t]he payment of claims for bodily injury or death arising from an accident of up to $30,000 for any one person and up to $60,000 for any two or more persons"; and (2) "[t]he payment of claims for property of others damaged or destroyed." Md. Code Ann., Transp. § 17-103(b)(1)–(2).

These provisions, coupled with the County's evidence and Defendants' failure to challenge it, demonstrate that a reasonable juror could only conclude that the County's liability is limited to the extent provided in § 17-103(b) of the Transportation Article. Although the County's asserted amounts of "$20,000 per person per accident / $40,000 per accident / $15,000 property damage limit [sic]" do not jibe with the limits in § 17-103(b), this incongruence does not change the fact that the County's liability is limited to the minimum amount of benefits for which § 17-103(b) provides.

---

[2] The County's evidence does not show that it is self-insured at the present time. If Defendants come forward with evidence showing that the County is not presently self-insured, the Court will entertain a motion for reconsideration of its decision that the County's liability is limited to the extent provided in § 17-103(b).

Defendants have mounted no serious challenge to the County's argument.[3] Defendants put forward what appears to be a sole counterargument. It is no model of clarity; the Court does its best to tease it out. Defendants assert that Meade acted with gross negligence in causing the collision. Defendants thus contend that § 19-103(c)(1) does not apply to them. Pertinently, § 19-103(c)(1) provides that the owner of an emergency vehicle "is liable to the extent provided in § 5-639(c) . . . for any damages caused by a **negligent** act or omission of an authorized operator." Md. Code Ann., Transp. § 19-103(c)(1) (emphasis added). In short, Defendants argue that § 19-103(c)(1) and the associated statutory provisions do not apply because Meade acted with gross negligence. *Cf. Khawaja v. Mayor and City Council, City of Rockville*, 598 A.2d 489, 495 (Md. Ct. Spec. App. 1991). Assuming arguendo the validity of Defendants' gloss on the statutory scheme, this Court has already held that no reasonable juror could conclude that Meade acted with gross negligence in connection with the traffic accident. *See* Doc. No. 89 at 4–5. Thus, Defendants' lone counterargument is meritless.

For the foregoing reasons, the Court grants in part the County's Motion for Partial Summary Judgment. It is premature to discuss the exact extent to which § 17-103(b) permits the County to incur liability for the alleged negligence of Meade. Meade has yet to be held liable for negligence and may never be. Similarly, the Court has bifurcated the case for a separate trial on the question of liability. *See* Doc. Nos. 52, 54. The Court will cross this bridge if and when it comes to it.

---

[3] Plaintiffs failed to file a response to the County's Motion for Partial Summary Judgment even though it plainly applies to them. The County argues that the statutory provisions discussed above limit its liability for the damages that Meade allegedly negligently caused in connection with the crash—the very incident out of which Plaintiffs' claims against Defendants arise. What is more, the County's Motion for Partial Summary Judgment explicitly states that it applies to the "claim filed by Plaintiffs, John and Christine Markevicz." Doc. No. 78 at 2. Given the magnitude of the interests at stake, Plaintiffs' silence is somewhat disconcerting.

B.  **Whether Garcia's Crossclaim Against the County For Indemnification and/or Contribution Is Barred**

The County's second ground for partial summary judgment is devoid of merit. As it did with Defendants' sole counterargument, *see supra* Part III.A, the Court does its best to flesh out what is, at best, a meandering argument. First, the County notes that, under worker's compensation laws, the liability of an employer under such laws is the employee's exclusive remedy against the employer. Second, the County observes that the Court of Appeals of Maryland has held as follows: "[C]ontribution is available only among joint tortfeasors. A joint tortfeasor must be legally responsible to the plaintiff for his or her injuries." Doc. No. 78 at 6 (quoting *Montgomery County v. Valk Mfg. Co.*, 562 A.2d 1246, 1253 (Md. 1989)). The County goes on to note that Meade was acting in the scope of his employment when the accident happened and that Meade and the other firefighters received workers' compensation for the injuries thereby sustained. For these reasons, the County concludes that Defendants' crossclaim is barred as to the County, as well as each firefighter.

This argument fails. The relevance of the firefighters' receipt of workers' compensation is unapparent. If anything, this shows that the firefighters could not sue the County for injuries they sustained in the crash. Yet no such claim is before the Court. The relevance of *Valk* is likewise unclear. Plaintiffs, Mr. and Mrs. Markevicz, have sued both the County and Defendants (i.e. EMG, Garcia, and Gomez) for negligence. Plaintiffs' negligence claim has yet to be adjudicated. Therefore, it is perfectly possible that the County and Defendants are joint tortfeasors. As this remains to be seen, the County's citation to *Valk* misses the mark. Furthermore, Defendants have asserted a crossclaim against only the County; there are no crossclaims against Noel, Quaide, and Perry to dismiss. Thus, it is unclear why the County has moved the Court to dismiss crossclaims against these three firemen. And the Court has already

dismissed Defendants' counterclaim against Meade. In sum, Defendants' only outstanding crossclaim is against the County and the County has failed to articulate a cogent basis whereupon to dismiss it.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** the County's Motion for Partial Summary Judgment. Consequently, the County's liability is limited to the extent provided in § 17-103(b) of the Transportation Article. A separate Order follows.

|  |  |
|---|---|
| April 6, 2012 | /s/ |
| Date | Alexander Williams, Jr.<br>United States District Judge |